**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0804-16T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

N.R.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF A.R.,

    Minor.

_____

Submitted May 10, 2017 — Decided June 13, 2017

Before Judges Simonelli and Carroll.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FG-12-0096-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christina Duclos, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (James J. Gross, Designated Counsel, on the brief).

PER CURIAM

Defendant N.R., the biological mother of A.R., born in 2010, appeals from the October 30, 2015 Family Part judgment for guardianship, which terminated her parental rights to the child.[1] On appeal, defendant contends the trial judge erred in finding that respondent New Jersey Division of Child Protection and Permanency (Division) proved all four prongs of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. We disagree, and affirm.

We will not recite in detail the history of the Division's involvement with defendant and her family. Instead, we incorporate by reference the factual findings set forth in Judge Jane B. Cantor's comprehensive October 6, 2016 written opinion. However, we add the following comments.

Defendant has been involved with the Division since 2003. She had three other children, none of whom are in her care.[2] With respect to A.R., the record reveals that defendant ingested non-

---

[1] An August 24, 2016 judgment of guardianship terminated the parental rights of A.R.'s biological father, W.R., who did not appeal and did not participate in this appeal.

[2] Two children reside with relatives and defendant surrendered her parental rights to the third child.

prescribed opiate medication when she was pregnant with the child and had no prenatal care. When A.R. was born in 2010, she and defendant tested positive for opiates, and A.R. suffered from opiate withdrawal symptoms that required her hospitalization for approximately one month. A.R. was removed from defendant's care and placed with her current foster parents following her release from the hospital. A.R. was readmitted to the hospital for treatment of severe medical complications and had a feeding tube inserted. A subsequent reunification failed due to defendant's continued substance abuse and medical neglect of A.R., who suffered a severe infection in her feeding tube resulting from defendant's failure to comply with the treatment plan. In May 2012, the Division placed A.R. back with her foster parents, who want to adopt her. The Division's next attempt to reunify defendant with A.R. failed when defendant exposed the child to domestic violence and emotional and physical abuse. Defendant's visits with A.R. thereafter made the child tense, anxious, fearful, and extremely agitated. Notably, A.R. lost bowel control a number of times during visits with defendant.

From 2010 until the trial in 2016, defendant's involvement with the Division was marked by her continued substance abuse, non-compliance with services, refusal to address her mental health

and substance abuse issues, inconsistent visitation, and failure to provide A.R. with stable housing and care. The expert psychological evidence Judge Cantor found credible confirmed that defendant has ongoing substance abuse issues and significant parenting and personality deficits that rendered her unable to safely parent A.R. at the time of the guardianship trial or in the foreseeable future, and her conduct harmed A.R. and deprived the child of permanency. Even defendant's psychological expert agreed that defendant was unable to parent A.R. at the time of trial.

The expert bonding evidence Judge Cantor found credible, revealed that defendant and A.R. have a dysfunctional relationship embedded in trauma, neglect, attachment problems, and abuse. Notably, during the bonding evaluation, defendant displayed bizarre and maladaptive parenting behaviors, and A.R. defecated on herself, which was a symptom of trauma. The bond between defendant and A.R. was insecure, as defendant did not meet the child's needs, was not consistent as a caretaker, and was unavailable at times.

Conversely, the bonding evidence revealed that A.R. had a strong bond and attachment with her foster parents and viewed them

as her parental and primary nurturing figures.[3]  The expert evidence confirmed that termination of defendant's parental rights would not do A.R. more harm than good, but the child's removal from her foster parents would be catastrophic.  A.R. would experience heightened trauma, as A.R. had been with her foster parents most of her life and they had been the only stability in her lifetime, and severance of her bond with them would cause the child severe harm which defendant could not ameliorate.

Judge Cantor reviewed the evidence presented at the trial, made detailed factual findings as to each prong of N.J.S.A. 30:4C-15.1(a), and thereafter concluded the Division met by clear and convincing evidence all of the legal requirements for a judgment of guardianship.  The judge's opinion tracks the statutory requirements of N.J.S.A. 30:4C-15.1(a), accords with N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420 (2012), N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88 (2008), In re Guardianship of K.H.O., 161 N.J. 337 (1999), In re Guardianship of D.M.H., 161 N.J. 365 (1999), and N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591 (1986), and is more than amply supported by the record.  F.M., supra, 211 N.J. at 448-49.

---

[3]  Defendant's expert did not conduct a bonding evaluation between A.R. and her foster parents.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION